# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued February 6, 2024         Decided July 23, 2024

No. 22-5273

JO SPENCE,
APPELLANT

v.

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS AND
DENIS MCDONOUGH, IN HIS OFFICIAL CAPACITY AS
SECRETARY OF THE UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-01947)

———

*Jo Spence*, pro se, argued the cause and filed the briefs for appellant.

*Bradley G. Silverman*, Assistant U.S. Attorney, argued the cause for appellees. With him on the brief were *Brian P. Hudak* and *Jane M. Lyons*, Assistant U.S. Attorneys. *R. Craig Lawrence*, Assistant U.S. Attorney, entered an appearance.

Before: MILLETT, KATSAS, and RAO, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* RAO.

RAO, *Circuit Judge*: Does the pleading leniency we afford pro se litigants apply when the litigant is a licensed attorney? We conclude it does not. Trained lawyers are generally not unsophisticated litigants in need of special protections, and any leniency afforded is left to the discretion of the district court.

In this case, Jo Spence was fired after more than a decade working as an attorney at the Department of Veterans Affairs ("VA"). She alleged the termination was in retaliation for filing internal discrimination complaints. But Spence failed to plead sufficient facts in her complaint to state all but one of her claims. Because of her legal training, the district court was not required to grant Spence the leniency afforded a typical pro se litigant, nor did the district court abuse its discretion in declining to do so. Spence's surviving claim fails on summary judgment. Accordingly, we affirm.

I.

Spence worked as a senior attorney at the VA for eleven years. In 2017, she filed a complaint with the VA's Equal Employment Opportunity ("EEO") Office alleging discrimination on the basis of race, sex, and age. She separately filed whistleblower disclosures with the Office of Accountability and Whistleblower Protection ("OAWP"), alleging the VA engaged in illegal preferential hiring of Army attorneys. The VA terminated Spence in 2018 for "unacceptable performance."

Claiming the action was retaliatory, Spence challenged her termination before the Merit Systems Protection Board ("MSPB"). The MSPB affirmed Spence's termination and

relied on examples of Spence making errors in cases, protesting work assignments, and refusing to communicate with clients as substantial evidence she was terminated for poor performance.

Spence then filed a complaint in district court alleging discrimination and retaliation by the VA. She first filed a 98-page complaint asserting five counts: Count I, discrimination and retaliation based on her EEO complaint; Count II, retaliation based on her OAWP complaint; Count III, hostile work environment; Count IV, unlawful hiring practices; and Count V, termination in violation of statutory process. After the VA moved for summary judgment, Spence moved to amend her complaint to add Count VI, a challenge to the MSPB's decision, attaching a 234-page complaint. The district court denied Spence's motion and imposed a 50-page limit on any subsequent amended complaints.

Spence again moved to amend, proposing a 148-page complaint that contained the original 98-page complaint as well as an additional 50 pages for the MSPB claim. The district court denied the motion and clarified that the cap was 50 pages total, not 50 pages for the additional count. Spence moved to amend a third time, attaching a 50-page complaint and three extensive exhibits containing her submissions in the MSPB proceeding. The district court granted the motion to amend.

In response, the VA moved to dismiss the amended complaint for repeated violations of the court's filing requirements. It argued Spence's exhibits were merely another attempt to skirt the page limit. For example, Exhibit A of the amended complaint was a 57-page statement of facts that Spence incorporated by reference, making her 50-page complaint really 107 pages. The VA also argued Spence failed to satisfy Federal Rule of Civil Procedure 8 because her MSPB claim was "rambling" and included "wholly irrelevant or

unnecessary" material. *See* FED. R. CIV. P. 8(a)(2) (requiring a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief").

The district court reversed course, dismissing Spence's amended complaint because it incorporated the statement of facts and so violated the page limit. The court explained it was "troubled by [Spence's] flagrant disregard for the limits the Court has imposed" but dismissed the complaint without prejudice, giving Spence one last chance to meet the length requirement.

Finally, on her fourth attempt, Spence filed an amended complaint that complied with the court's page limit. The VA again moved to dismiss—for failure to state a claim and for violating Rule 8—and, alternatively, for summary judgment. Spence filed a memorandum in opposition to the motion that alleged additional facts supporting her claims. The district court construed the allegations in Spence's complaint liberally because she was proceeding pro se, but it declined to consider the additional allegations in her opposition memorandum because Spence was an attorney and so was a "poor candidate for [the] special treatment" afforded pro se plaintiffs. The district court dismissed Counts I–IV and VI for failure to state a claim and granted summary judgment on Count V. The district court also dismissed Spence's claims with prejudice because Spence had disregarded the court's repeated warnings about pleading requirements and was imposing on the "finite resources" of the VA and the courts. Spence timely appealed.

## II.

We begin with the threshold issue of whether the district court was required to consider the facts Spence alleged in her opposition memorandum. The district court limited its analysis to the factual allegations in Spence's amended complaint.

Spence contends the district court erred by failing to consider her other filings because, under our precedent, courts must "consider a *pro se* litigant's complaint in light of all filings." Appellant Br. 10 (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam) (cleaned up)).

In considering whether leniency is required for pro se attorneys, we briefly note the evolution of our pleading standards. Pleadings at common law required "technical exactness in stating a claim for relief or a defense," and courts construed all allegations against the pleader. 5 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1286 (4th ed. 2021). With the promulgation of the Federal Rules of Civil Procedure, our system moved away from that harsh standard. Today, plaintiffs must put forth only "a short and plain statement of the claim" and "a demand for the relief sought," and courts must construe pleadings "so as to do justice." FED. R. CIV. P. 8(a), (e); *accord* WRIGHT, MILLER & SPENCER, *supra*, § 1286 (explaining district courts must "make a determined effort to understand what the pleader is attempting to set forth and to construe the pleading in his or her favor, whenever the interest of justice so requires").

Courts have extended this liberal pleading standard even further for plaintiffs proceeding pro se. Beginning in the 1970s, the Supreme Court held that a pro se plaintiff's complaint must be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *accord Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, when weighing whether a pro se plaintiff has stated a claim, courts must treat "technical deficiencies in the complaint … leniently" and "scrutinize[]" the "entire pleading … to determine if any legally cognizable claim can be

found." WRIGHT, MILLER & SPENCER, *supra*, § 1286. This court has explained the liberal standard extends to "consider[ing] supplemental material filed by a pro se litigant in order to clarify the precise claims being urged"—including facts set forth in a plaintiff's opposition to a motion to dismiss. *Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007); *see also Brown*, 789 F.3d at 152.

We have never decided whether this liberal pleading standard applies when a pro se litigant is a licensed lawyer. *See Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014) (declining to answer whether the liberal pleading standard applies to pro se lawyers). But we have recognized in similar circumstances that the typical leniency afforded pro se litigants does not necessarily follow for pro se lawyers. In *Mann v. Castiel*, for example, we cited approvingly a district court's finding that "the additional latitude [the court] typically affords *pro se* litigants to correct defects in service of process" is "unwarranted" when the litigants are not "typical, unsophisticated *pro se* litigants," but instead are people with "extensive litigation experience … [or] formal legal training." 681 F.3d 368, 377 (D.C. Cir. 2012) (cleaned up); *see also Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 168 (D.C. Cir. 1990) (explaining, in the context of a failure to enter an appearance, that "a law-trained individual, unlike the unsophisticated *pro se* litigant, can be presumed to have some acquaintance with the rules of the judicial process and the consequences risked by their infringement").

We now hold that the liberal pleading standard for pro se litigants does not invariably apply when the litigant is a licensed attorney. In reaching this conclusion, we join the unanimous consensus of the other circuits that have addressed

this question.[1] As the Supreme Court has recognized, pro se pleadings are different from "formal pleadings drafted *by lawyers*." *Haines*, 404 U.S. at 520 (emphasis added). The requirement that courts construe pro se pleadings liberally does not ordinarily apply to pro se lawyers. Of course, district courts "must" construe complaints "so as to do justice." FED. R. CIV. P. 8(e). In discharging that duty, courts retain discretion to consider supplemental materials submitted by a pro se attorney, but they need not.

The district court did not abuse its discretion when declining to consider Spence's additional submissions. Spence is a licensed attorney, not the typical pro se litigant. She has formal legal training and 36 years of legal work experience, including serving as a senior attorney at the VA for over a decade. Her division at the VA handles contract procurement

---

[1] *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all."); *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977) ("We cannot accord [the plaintiff] the advantage of the liberal construction of his complaint normally given pro se litigants because he is a licensed attorney." (cleaned up)); *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008) (concluding it was not an abuse of discretion to deny pro se practicing attorneys special consideration); *Godlove v. Bamberger, Foreman, Oswald, & Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990) ("Ordinarily, we treat the efforts of *pro se* applicants gently, but a *pro se* lawyer is entitled to no special consideration."); *Huffman v. Lindgren*, 81 F.4th 1016, 1021 (9th Cir. 2023) ("There is a good reason that we afford leeway to pro se parties, who appear without counsel and without the benefit of sophisticated representation … . That logic does not apply to practicing attorneys, nor should the grace extend to them."); *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001) ("While we are generally obliged to construe pro se pleadings liberally, we decline to do so here because [the plaintiff] is a licensed attorney." (cleaned up)).

8

litigation, and she was specifically given "litigation-related work assignments and those that required coordination with the Litigation Team." In these circumstances, the district court was not required to consider the facts introduced in Spence's opposition memorandum, nor was it an abuse of discretion to limit review to Spence's complaint.[2]

## III.

We review de novo the district court's dismissal of Counts I, II, IV, and VI, and grant of summary judgment for Count V.[3] We consider only the facts in Spence's complaint with respect to the dismissed counts.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "[W]e accept the well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor." *Air Excursions LLC v. Yellen*, 66 F.4th 272, 277–78 (D.C. Cir. 2023) (cleaned up).

---

[2] Spence also argues the district court's failure to take judicial notice of her opposition memorandum's exhibits violates Federal Rule of Evidence 201. District courts may take judicial notice in ruling on a motion to dismiss. *See Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). But Rule 201 requires a district court to take judicial notice only of "a fact that is not subject to reasonable dispute." FED. R. EVID. 201(b). The facts Spence alleged in her opposition memorandum's exhibits are disputed, so the district court properly declined to take judicial notice of them.

[3] Spence does not appeal the district court's dismissal of Count III, her hostile work environment claim.

9

A.

In Count I, Spence alleged the VA terminated her employment in retaliation for her EEO complaint,[4] in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). To state a claim for retaliation under Title VII or the ADEA, a plaintiff must plausibly allege that (1) she "engaged in statutorily protected activity," (2) she "suffered a materially adverse action by [her] employer," and (3) the two are causally connected. *Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. of the Libr. of Cong., Inc. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013) (Title VII); *see Paquin v. Fed. Nat'l Mortg. Ass'n*, 119 F.3d 23, 31 (D.C. Cir. 1997) (ADEA). An act is materially adverse if it objectively "would have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Baloch v. Kempthorne*, 550 F.3d 1191, 1198 (D.C. Cir. 2008) (cleaned up). To be actionable under Title VII or the ADEA, in other words, the act must also have "produce[d] an injury or harm." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 67 (2006) (Title VII); *see also Baloch*, 550 F.3d at 1198 n.4 (ADEA).

The district court dismissed Count I for failing to state a claim. It held that Spence did not plead facts showing any materially adverse actions except her termination, and that she did not adequately plead a causal connection between her termination and her protected activity, filing the EEO complaint.

---

[4] Spence does not challenge the district court's dismissal of her Count I discrimination claim, so she has forfeited any challenge to it on appeal.

Spence alleged the VA retaliated against her by sending letters of counseling and reprimand, reducing her performance rating to unsatisfactory, and proposing to suspend her. But, on this record, none of these allegations, taken as true, amounts to a materially adverse action. Letters of counseling or reprimand are not adverse actions when they "contain[] no abusive language, but rather job-related constructive criticism," nor when they fail to affect the plaintiff's salary, bonus, or other benefits. *See Baloch*, 550 F.3d at 1199; *see also Weber v. Battista*, 494 F.3d 179, 185 (D.C. Cir. 2007). Similarly, "performance reviews typically constitute adverse actions only when attached to financial harms" or other identified adverse employment consequences. *Baloch*, 550 F.3d at 1199. Spence did not allege in her complaint that the letters contained abusive language or that the letters or change in performance rating resulted in any financial or other adverse employment harm. And Spence never served her proposed suspension, so that is not a materially adverse action either. *See id*. Ordinary employer evaluations and feedback do not constitute materially adverse actions.

The only adverse action Spence plausibly pleaded was her termination. But even then, Spence failed to plead facts showing the causal link between her termination and her protected activity. Spence asks us to infer her termination must have been retaliatory because she was terminated after she submitted her EEO complaint. But we do not "accept inferences that are unsupported by the facts set out in the complaint." *Islamic Am. Relief Agency v. Gonzales*, 477 F.3d 728, 732 (D.C. Cir. 2007). When "mere temporal proximity" is the only "evidence of causality," the Court has held that "the temporal proximity must be very close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam) (cleaned up). We sometimes accept an adverse employment action occurring within three to four months of the protected activity

as sufficient to allow an inference of causation. *See id.* at 273–74 (collecting cases). In Spence's case, however, ten months had passed between the filing of her EEO complaint and her supervisor proposing her termination. Spence maintains that the continuous chain of allegedly retaliatory actions bridges the gap between her complaint and termination. But even the latest action in this purported chain, Spence's proposed suspension, is not an adverse action and was separated from the proposal of her termination by four months. We are unable to infer the necessary element of causation from these facts.

Spence failed to plead facts sufficient to state a claim for retaliation under Title VII or the ADEA, and so we affirm the dismissal of Count I.

B.

In Count II, Spence alleged the VA unlawfully retaliated against her for filing complaints about the VA's hiring practices. Under the Whistleblower Protection Act, the employee bears the burden to show her protected disclosures were a "contributing factor in the personnel action," which can be accomplished by showing the adverse action "occurred within a period of time" that reasonably shows causation. 5 U.S.C. § 1221(e)(1). The district court dismissed this claim for the same reasons as Count I: Spence failed to allege an adverse action except termination, and she failed to show a causal link between her termination and her OAWP complaint.

Based on the facts in her complaint, Spence failed to plead a link between her disclosures and any adverse personnel action. She alleged the VA retaliated against her because she "made whistleblower disclosures in complaints in 2017 and 2018." But Spence did not plead facts that plausibly suggest her complaints were a contributing factor in her termination. We cannot infer from Spence's allegations the type of

causation required to state a claim under the Whistleblower Protection Act, and therefore we affirm the dismissal of Count II.

## C.

In Count IV, Spence alleged the VA violated the Whistleblower Protection Act's "prohibited personnel practices." 5 U.S.C. § 2302. That provision makes it unlawful to deceive job applicants as to their "right to compete for employment," or to afford unlawful "preference or advantage" to applicants. *Id.* § 2302(b)(4), (6). The district court dismissed this claim for failing to plead facts sufficient to infer a prohibited personnel practice.

In her complaint, Spence set forth only conclusory statements about the VA's hiring practices. Her claim, in full, is that "she was deceived with respect to her right to compete for employment when Army attorneys were hired at the GS-15 level to perform the same work as [Spence] under [an operating agreement] intended for VA attorneys which resulted in the attorneys being granted preferences or advantages not authorized by law, rule or regulation to improve their prospect of employment." Spence's statement does not include any necessary factual allegations. For example, Spence did not plead facts showing that Army applicants were given favorable treatment in the application process or that the job posting deceived her about her ability to compete. Further, Spence did not allege she applied for and was denied a job, as required by the Act. *See id.* § 1221(e)(1). Because Spence failed to state a prohibited personnel practices claim, we affirm the district court's dismissal of Count IV.

13

D.

In Count V, Spence alleged the VA unlawfully terminated her employment without first receiving approval from the Office of Special Counsel. The district court granted the government summary judgment on this claim, so we consider whether there is a genuine dispute of material fact and whether the VA is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). We "draw all reasonable inferences in favor of the nonmoving party." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

The VA Secretary may use an expedited procedure to discipline employees for misconduct or substandard performance. *See* Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017, Pub. L. No. 115-41, 131 Stat. 862 (codified in scattered sections of 38 U.S.C.). For an employee seeking corrective action from the Office of Special Counsel, however, the Act requires "the approval of the Special Counsel" before the employee may be removed.[5] 38 U.S.C. § 714(e)(1).

When Spence's supervisor first proposed her termination, an attorney in the VA's Office of General Counsel asked a senior advisor in the OAWP whether Spence had a retaliation claim pending with the Office of Special Counsel. The senior advisor communicated that the investigation was complete: "Neither [the Special Counsel] nor [the] Office of Accountability and Whistleblower Protection will continue to

---

[5] The Office of Special Counsel investigates and prosecutes Whistleblower Protection Act cases across the government. It is "a remedial mechanism independent of the civil service system to which [employees can] bring their grievances." *Barnhart v. Devine*, 771 F.2d 1515, 1520 n.9 (D.C. Cir. 1985).

hold the action proposed under [38 U.S.C. § 714(e)]. The proposal [to remove Spence] is clear to proceed." Spence was removed the next day.

Spence appealed her termination to the MSPB, claiming among other things that the VA erred by proceeding without receiving the Special Counsel's approval directly. The MSPB concluded the VA adequately followed its procedures for termination. *See id.* § 714(d)(2)(A) (requiring an administrative judge to uphold the VA Secretary's decision to terminate for cause if "supported by substantial evidence"). The district court affirmed the MSPB decision because the email exchange between the General Counsel's office and the OAWP advisor was substantial evidence that Spence's termination was processed with the Special Counsel's approval and in accordance with the VA's procedures.

Spence does not raise any factual dispute about the email. She argues only that the email must come from the Office of Special Counsel directly, not the OAWP, to serve as evidence of the Special Counsel's approval. But while the statute requires the Special Counsel's approval, it does not impose a requirement on how that approval is conveyed.

Like the district court, we consider whether the MSPB's decision was supported by substantial evidence, which "requires such evidence as a reasonable mind might accept as adequate to support a conclusion." *Spirit Airlines, Inc. v. U.S. Dep't of Transp.*, 997 F.3d 1247, 1255 (D.C. Cir. 2021) (cleaned up). We conclude that standard is easily met here. The email came from the OAWP, an office with frequent interactions with the Office of Special Counsel, and the OAWP explicitly stated it received approval from the Special Counsel to move ahead with Spence's termination. Accordingly, we affirm the grant of summary judgment on Count V.

15

E.

Finally, in Count VI, Spence alleged the MSPB decision was arbitrary and capricious and unsupported by substantial evidence. The district court dismissed this claim for violating Rule 8, which requires that a complaint include "a short and plain statement of the claim." FED. R. CIV. P. 8(a)(2). The district court held Spence's MSPB claim was "too unwieldy" and did not "give fair notice" to the VA because of its length, redundancy, and disorganization. On appeal, Spence argues her approach was necessary to establish her challenge and that she presented the facts in as orderly a manner as possible.

Enforcement of Rule 8 "is largely a matter for the trial court's discretion." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004); *accord* WRIGHT, MILLER & SPENCER, *supra*, § 1217. The district court did not abuse that discretion here. Count VI totals 41 of the complaint's 50 pages but includes little or no explanation of how the material is relevant to Spence's claims. Because Spence's complaint was neither short nor plain, we affirm the dismissal of Count VI.

IV.

Finally, Spence claims the district court abused its discretion in dismissing her complaint with prejudice. When determining whether a district court abused its discretion, "we may not substitute our judgment for that of the trial court." *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 985 F.3d 1032, 1053 (D.C. Cir. 2021) (cleaned up). "Abuse of discretion is a particularly high bar where the court is simply exercising its judgment about whether to relieve a party from an unexcused (*i.e.*, no good cause) failure to comply with the Rules." *Morrissey v. Mayorkas*, 17 F.4th 1150, 1157 (D.C. Cir. 2021) (cleaned up).

Although dismissal with prejudice is an extreme sanction, it is permissible when a plaintiff has violated court rules or engaged in egregious conduct. *See Cohen v. Bd. of Trs.*, 819 F.3d 476, 483 (D.C. Cir. 2016). The district court afforded Spence multiple opportunities to amend her complaint and specified the deficiency in her pleadings with each dismissal. After Spence's fourth complaint failed to comport with the Federal Rules and the district court's requirements, the court warned it would dismiss her claims with prejudice if she failed to comply on her next attempt. Notwithstanding this notice, Spence again disregarded the pleading requirements.

In these circumstances, we hold the district court did not abuse its discretion in denying Spence another bite at the apple.

\* \* \*

We hold that the requirement to afford a liberal construction to a pro se plaintiff's pleadings does not apply to pro se attorneys. Rather, we leave such questions to the sound discretion of the district court. The district court here neither erred nor abused its discretion by considering only the allegations in Spence's complaint and disregarding her lengthy additional filings. For the reasons above, we affirm the district court's dismissal of Counts I, II, IV, and VI, and summary judgment for the VA on Count V.

*So ordered.*