# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAVEL FERRERA PARRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-01061 (UNA) |
| | ) | |
| | ) | |
| JUDICIAL CONFERENCE | ) | |
| OF THE UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint

("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"). The court

grants plaintiff's IFP application and, for the reasons discussed below, it dismisses the complaint,

and this matter, without prejudice.

Plaintiff, a resident of New Jersey, sues the Judicial Conference of the United States, the

United States Marshals Service ("USMS"), and the Department of Justice's Office of Information

Policy ("OIP"). *See* Compl. at 1. The prolix complaint totals 404 pages, and plaintiff has also

submitted an influx of other submissions and motions. At root, plaintiff is aggrieved regarding the

determinations and outcome of an employment and disability discrimination case that he filed, and

that was adjudicated by the U.S. District Court for the Southern District of Texas, *Ferrera-Parra*

*v. United Airlines, Inc.*, No. 19-cv-01053 (S.D. Tex. removed on Mar. 21, 2019), at Final

Judgment, ECF No. 70 (Mar. 30, 2021, dismissing matter with prejudice); Order, Fifth Circuit,

ECF No. 86 (July 12, 2021, dismissing appeal),[1] and the complaint chronicles his countless

---

[1]      A court may take judicial notice of the docket and facts on the public record in other judicial proceedings.
*See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

objections in a rambling fashion, *see generally* Compl.; Compl. Addendum ("Compl. Add."), ECF No. 1-1.

In response to the actions of the Southern District of Texas and the Fifth Circuit, plaintiff has since attempted several actions, including filing judicial conduct & disability complaints, *see* Compl. at 1–3; Compl. Add. at 7, 20, 34, 47, 60, 73, 86, 111, 128, 213, 216, 240, 252, 260, 266, 275, 278–80, 282–85, 305, 311, 322–23, 362, 371–723, 377, 381–83, 388, 392, 397, and submitting FOIA requests to USMS (vis-à-vis OIP) for "policy documents" and CCTV footage from the federal courthouse in Houston, Texas, *see* Compl. at 1–3; Compl. Add. at 134–61, 166–77, 222, 252–53, 260–61, 267, 276, 295, 305–06, 312, 328, 332–353, 359, 368, 389, 396. Plaintiff alleges that he has suffered "systemic procedural violations and retaliation in federal judicial proceedings," Compl. at 1, including "case manipulation, ex parte communications, and evidence suppression," *id.* at 2, and that the Judicial Conference has unfairly failed to act on his complaints, *see id*. at 1–3; Compl. Add. at 2. He further alleges that defendants have denied him "reasonable ADA accommodations to ensure meaningful access to court records and case proceedings," and that USMS and OIP have conspired with Southern District of Texas and the Fifth Circuit to "suppress exculpatory evidence." *See* Compl. at 2; Compl. Add. at 2–3, 177, 279. He demands damages, and assorted equitable relief, including, *inter alia*, an order mandating that the Judicial Conference "properly review Plaintiff's judicial misconduct complaints," enjoining USMS from "obstructing justice" after purportedly "unlawfully destroying" the materials sought, commanding "an investigation into the destruction of materials," and directing USMS and OIP to release any available materials. *See* Compl. at 2–3; Compl. Add. at 2, 276, 396.

*Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires complaints to contain "(1) a short

and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Additionally, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Plaintiff's complaint is neither short nor plain, and the allegations cannot be described as simple, concise, or direct. Nor are its paragraphs limited "to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). To the contrary, the pleading is "far too unwieldy to proceed." *See Spence v. U.S. Dep't of Vet. Affairs*, No. 19-1947, 2022 WL 3354726, at *11 (D.D.C. Aug. 12, 2022), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024), *cert. denied*, 145 S.Ct. 594 (2024). "Courts have often dismissed complaints that contain bloated and disorganized allegations such as this for violations of Rule 8." *Id*. (citing *Unfoldment, Inc. v. Dist. of Columbia*, No. 07-1717, 2007 WL 3125236, at *1–2 (D.D.C. Oct. 24, 2007) (dismissing 61-page complaint); *Ciralsky*, 355 F.3d at 668–671 (affirming dismissal without prejudice of 61-page complaint and striking of 119-page complaint); *Nichols v. Holder*, 828 F. Supp. 2d 250, 253–54 (D.D.C. 2011) (dismissing 140-page complaint because it was "prolix, redundant, [and] bloated with unnecessary detail," falling far short of Rule 8(d)'s requirement that each allegation be "simple, concise, and direct"); *Brown*, 75 F.R.D. at 499 (collecting cases)). To be clear, it "is not merely the length . . . that warrants dismissal for violating Rule 8; the disorganized and convoluted nature of the allegations counsel that result as well." *Id.* at *12 (citing *Nichols*, 828 F. Supp. 2d at 252) ("[U]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to

select the relevant material from a mass of verbiage.")) (other citations and internal quotation marks omitted).

Here, plaintiff's complaint "contains an untidy assortment of claims that are neither plainly nor concisely stated," *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017), rife with "myriad seemingly irrelevant descriptions," *id*. at 415, thus failing to meet the requirements of Rule 8. Put differently, a "rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8," *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted), and therefore, plaintiff's complaint cannot survive.

Indeed, although plaintiff approaches stating a FOIA claim, due to the state of the complaint, it is unmanageable to discern the necessary supporting facts and details relating thereto, particularly because they are deeply conflated with plaintiff's myriad other grievances. "While such a *pro se* litigant must of course be given fair and equal treatment, he cannot generally be permitted to shift the burden of litigating his case to the courts[.]" *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983); *see Sun v. D.C. Gov't*, 133 F. Supp. 3d 155, 168 n.6 (D.D.C. 2015) ("[I]t is not the Court's job to canvass the record for documents supporting a *pro se* party's position."). Moreover, the court finds that plaintiff's foundational proposition that the "Smoking-Gun FOIA integrity issues," *see* Compl. Add. at 267, 312, 328, 389, 396, evidences an alleged government conspiracy to "destroy" and "conceal evidence of judicial misconduct or procedural errors," *see id.* at 6, 135–36, 215, 260, 262, 279, 305, 328; Compl. at 2–3, is patently frivolous, *see Webb v. Dep't of Army*, No. 22-cv-02236, 2022 WL 17851470, at *1 (D.D.C. Oct. 7, 2022) (dismissing the plaintiff's claims for alleged FOIA violations predicated on a government

conspiracy against him), *aff'd*, No. 22-5292, 2023 WL 2564344, (D.C. Cir. Mar. 20, 2023) (per curiam).

Finally, this court bears no jurisdiction to direct the Judicial Conference to take action on plaintiff's judicial conduct & disability complaints. *See* 28 U.S.C. §§ 351–364. Congress has established a statutory mechanism for JC&D complaints that begins with a complaint filed with the clerk of the court of appeals for the relevant circuit, *see* 28 U.S.C. § 351(a); *see also Hueter v. Kruse*, No. 20-cv-03686, 2021 WL 3052034, at *2 (D.D.C. July 20, 2021) (no private right of action under 28 U.S.C. § 351, *et seq*.), and potentially ultimately culminating in Congressional impeachment proceedings, but at no point does a JC&D complaint involve the federal district court, *see Smith v. Scalia*, 44 F. Supp. 3d 28, 44 n.11 (D.D.C. 2014) (quoting *Smith v. Krieger*, 389 Fed. Appx. 789, 798 (10th Cir. 2010) (other citation omitted)). While a level of the JC&D process involves potential review by the Judicial Conference, its determination whether or not to take action on a complaint is "final and conclusive and shall not be judicially reviewable on appeal or otherwise." *See* 28 U.S.C. § 357(c).

For all of these reasons, this case is dismissed without prejudice. Plaintiff's other pending motions, ECF No. 3, ECF No. 8, ECF No. 5, ECF No. 6, ECF No. 7, are all **DENIED** as moot. A separate order accompanies this memorandum opinion.

Date:   April 29, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge