# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 24-5115 | **September Term, 2025**

FILED ON: NOVEMBER 12, 2025

MARNE K. MITSKOG,
                    APPELLANT

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL, ET AL.,
                    APPELLEES

On Appeal from the United States
District Court for the District of Columbia

Before: HENDERSON and PAN, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

## <u>J U D G M E N T</u>

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is:

**ORDERED** and **ADJUDGED** that the order of the district court issued on March 28, 2024, granting appellees' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), be **AFFIRMED**.

\*     \*     \*

Appellant Marne Mitskog sued her former employer, the U.S. Department of Justice (DOJ), as well as officials employed by the DOJ and the U.S. Equal Employment Opportunity Commission (EEOC). After a years-long adjudication at the EEOC, Mitskog now seeks enforcement of a vacated EEOC decision and asserts a constitutional discrimination claim under the Fifth Amendment. The district court dismissed her complaint, concluding that Mitskog had

failed to exhaust administrative remedies and that Title VII provides the exclusive remedy for federal employment-discrimination claims. Discerning no error, we affirm.

## I.

Mitskog worked as a trial attorney at the DOJ for a probationary period. When she learned that the DOJ intended to terminate her, Mitskog resigned in March 2011. She subsequently filed a complaint with the EEOC, alleging that the DOJ had constructively discharged her because of her disability, sex, and age, in violation of the Rehabilitation Act of 1973, Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967 (ADEA). *See* 29 U.S.C. § 791(f) (Rehabilitation Act); 42 U.S.C. § 2000e-16(a) (Title VII); 29 U.S.C. § 633a(a) (ADEA).

Mitskog initially prevailed before an administrative law judge (ALJ), who concluded that she had made a *prima facie* showing that the DOJ unlawfully discharged her because of her disability, sex, and age, and entered a default judgment in her favor. On appeal, the EEOC's Office of Federal Operations (OFO) affirmed the ALJ's decision and ordered the DOJ to reinstate Mitskog with backpay and benefits.

The DOJ sent a letter to the EEOC and copied Mitskog, asserting that it could not "in good faith" reinstate Mitskog because she had repeatedly failed to comport herself in a manner consistent with DOJ standards. App. 76. Months later, the EEOC exercised "its discretion in reconsidering the [OFO's] previous decision" in favor of Mitskog. App. 80. The EEOC determined that the ALJ had erred, reversed the OFO decision, and vacated the ALJ's entry of default judgment. The EEOC remanded the case so that the ALJ could hear Mitskog's complaint on the merits. But before the ALJ could adjudicate her case, Mitskog informed the EEOC that she intended to file suit in federal court to challenge the vacatur of the OFO decision, thus prompting the EEOC to dismiss the case before reaching a final decision on the merits.

On May 4, 2020, Mitskog filed this civil suit in the district court *pro se*, raising two claims. First, she sought enforcement of the vacated OFO decision, alleging that the decision required the DOJ to reinstate her with backpay. Second, she alleged that the DOJ and EEOC officials had violated her Fifth Amendment right "to be free from federal discrimination" and requested monetary damages under *Bivens* and its progeny. Compl., App. 53; *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395–97 (1971); *Davis v. Passman*, 442 U.S. 228, 245–48 (1979).[1]

On February 18, 2021, the district court denied Mitskog's motions for default judgment against the individual-capacity defendants because she had failed to request an entry of default and to submit proof of service. The DOJ and its officials — appearing only in their official capacities — moved to dismiss the claim seeking enforcement of the OFO order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On March 28, 2024, the district court granted the motion to dismiss because Mitskog had failed to exhaust administrative remedies, including

---

[1] Mitskog also alleged that the DOJ and EEOC officials had engaged in *ultra vires* conduct, a claim that the district court found was "undeveloped." Supp. App. 40. Mitskog does not challenge that determination on appeal.

by filing an enforcement petition with the EEOC or obtaining an EEOC order of noncompliance. *See* 29 C.F.R. § 1614.503(a), (e). The district court also dismissed *sua sponte* Mitskog's Fifth Amendment claim, concluding that the availability of a Title VII action barred her constitutional discrimination claim under *Bivens*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring a court to dismiss a case proceeding *in forma pauperis* if the case "fails to state a claim on which relief may be granted"). Mitskog filed a timely appeal.

## II.

We review the district court's dismissal of the complaint *de novo*. *See Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015). We assume the truth of the complaint's factual allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Ordinarily, a *pro se* complaint must be "held to less stringent standards than formal pleadings drafted by lawyers." *Shanks v. Int'l Union of Bricklayers & Allied Craftworkers*, 134 F.4th 585, 591 (D.C. Cir. 2025) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But "the liberal pleading standard for pro se litigants does not invariably apply when the litigant is a licensed attorney." *Spence v. U.S. Dep't of Veterans Affs.*, 109 F.4th 531, 538 (D.C. Cir. 2024). Because Mitskog is a lawyer and does not request the "more liberal pleading standard" that we often apply to *pro se* litigants, her *pro se* status does not affect our review. *Joyner v. Morrison & Foerster LLP*, 140 F.4th 523, 529 n.1 (D.C. Cir. 2025).

## III.

On appeal, Mitskog argues that the district court erred by (1) not compelling the DOJ to comply with the vacated OFO order, (2) applying Title VII precedents to dismiss her *Bivens* claim, and (3) denying her motions for default judgment against the individual-capacity defendants. We disagree.

As an initial matter, Mitskog does not argue in her opening brief that the district court erred in holding that she failed to exhaust administrative remedies — and that was the only basis for the court's dismissal of her claim seeking enforcement of the OFO decision. She cannot cure her forfeiture by raising arguments for the first time in her reply brief. *See Fore River Residents v. FERC*, 77 F.4th 882, 889 (D.C. Cir. 2023) ("Arguments raised for the first time in a reply brief are forfeited."). And she advances no reason, in any of her briefing, why we should excuse her forfeiture. We therefore affirm the district court's dismissal of Mitskog's claim seeking enforcement of the OFO decision.

Second, the district court properly dismissed Mitskog's *Bivens* claim against the individual-capacity defendants, which alleged gender discrimination under the Fifth Amendment. *See* Compl., App. 50 (seeking damages under *Bivens*, "as construed by . . . *Davis*, 442 U.S. 228 (finding gender discrimination gives rise to an equal protection due process claim under the Constitution . . .)"). Under *Bivens*, a plaintiff may sue federal officials in their personal capacities for damages arising from constitutional violations. But a *Bivens* remedy is not available if the plaintiff has "an 'alternative, existing process' capable of protecting the constitutional interests at stake." *Minneci v. Pollard*, 565 U.S. 118, 125 (2012) (quoting *Wilkie v. Robbins*, 551 U.S. 537,

3

550 (2007)); *see Ziglar v. Abbasi*, 582 U.S. 120, 145 (2017) ("[W]hen [an] alternative method[] of relief [is] available, a *Bivens* remedy usually is not.").

Mitskog's constitutional gender-discrimination claim arises from her DOJ employment. But Title VII stands as "the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. GSA*, 425 U.S. 820, 835 (1976). We have "repeatedly held that federal employees may not bring suit under the Constitution for employment discrimination that is actionable under Title VII." *Ethnic Emps. of Libr. of Cong. v. Boorstin*, 751 F.2d 1405, 1415 (D.C. Cir. 1985) (affirming dismissal of "constitutional claims that simply restated claims of racial, ethnic or other discrimination cognizable under Title VII, or claims of retaliation for the invocation of Title VII rights"); *Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983) (affirming dismissal of federal employees' Fifth Amendment claims for race and gender discrimination given Title VII's exclusive remedy). In other words, an "alternative remedial scheme[] preclud[es] *Bivens* actions" for a violation of Title VII. *Liff v. Off. of Inspector Gen. for U.S. Dep't of Lab.*, 881 F.3d 912, 918–19 (D.C. Cir. 2018). Based on that well-established precedent, the district court correctly held that Title VII's remedial scheme forecloses Mitskog's gender-discrimination claim under the Fifth Amendment and *Bivens*.

Mitskog's argument to the contrary is unpersuasive. She contends that the district court erred in applying Title VII case law, insisting that she "could not have brought a Title VII claim." Opening Br. 15. She emphasizes, for example, that "the EEOC specifically found discrimination on the basis of disability below." *Id.* at 14. Contrary to Mitskog's assertion, however, the EEOC repeatedly found that her administrative complaint alleged employment discrimination based on sex. Mitskog's filings likewise show that her Fifth Amendment claim concerns alleged gender discrimination: She cites *Davis*, 442 U.S. at 235, for the proposition that the Fifth Amendment provides a "right to be free from *gender* discrimination." Compl., App. 48 (emphasis added). Thus, the district court did not err by interpreting her Fifth Amendment claim to allege gender discrimination and by applying Title VII precedent.

To the extent that Mitskog brought statutory claims of age and disability discrimination during the EEOC proceeding, that is not relevant to the constitutional analysis. Mitskog's complaint does not assert a *Bivens* claim based on age and disability discrimination in violation of the Constitution. She therefore has forfeited any such argument. Accordingly, the district court properly dismissed Mitskog's *Bivens* claim.

Finally, our affirmance of the district court's dismissal of the *Bivens* claim moots Mitskog's argument on appeal that she was entitled to default judgment against the individual-capacity defendants.

For the foregoing reasons, we affirm the judgment of the district court.

\*       \*       \*

4

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk