## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRISTAN F. ONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-00469 (UNA) |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Currently before the Court is Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP App."), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff, a resident of Chicago, sues the United States, the State of Illinois, and "Cook & Co." He does not provide addresses or other contact information for the Defendants, as required by D.C. Local Civil Rule 5.1(c)(1). The prolix Complaint totals 141 pages and is quite difficult to follow. It consists of Plaintiff's life story, including countless assorted, and largely unconnected, incidents, anecdotes, and grievances—all covering the span of several decades. The pleading also consists of bare recitations of myriad laws, laundry lists of wrongdoing allegedly borne out of one or more conspiracies, and discussions of several other federal cases involving the Plaintiff. He demands multiple forms of equitable relief.

*Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Put differently, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant Complaint falls within this category. It is neither short nor plain, *see* Fed. R. Civ. P. 8(a), its allegations cannot be described as simple, concise, or direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). As presented, the Complaint is simply "too unwieldy to proceed." *See Spence v. U.S. Dep't of Vet. Affairs*, No. 19-cv-1947, 2022 WL 3354726, at *11 (D.D.C. Aug. 12, 2022), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 594 (2024). "Courts have often dismissed complaints that contain bloated and disorganized allegations such as this for violations of Rule 8." *Id.* (citing *Unfoldment, Inc. v. Dist. of Columbia*, No. 07-cv-1717, 2007 WL 3125236, at *1–2 (D.D.C. Oct. 24, 2007) (dismissing 61-page complaint); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004) (affirming dismissal without prejudice of 61-page complaint and striking of 119-page complaint); *Nichols v. Holder*, 828 F. Supp. 2d 250, 253–54 (D.D.C. 2011) (dismissing 140-

page complaint because it was "prolix, redundant, [and] bloated with unnecessary detail," falling far short of Rule 8(d)'s requirement that each allegation be "simple, concise, and direct"); *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) (finding that the complaint failed to comply with Rule 8(a) and because it was "outrageously long-winded and redundant, and hides the substance of its claims within its prolixity. Defendants should not be forced to spend time and energy in attempting to decipher Hamrick's utterly confusing and lengthy pleading.")).

To be clear, it "is not merely the length . . . that warrants dismissal for violating Rule 8; the disorganized and convoluted nature of the allegations counsel that result as well." *Spence*, 2022 WL 3354726, at *12 (citing *Nichols*, 828 F. Supp. 2d at 252) ("[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.")) (other citations and internal quotation marks omitted).  Here, as pleaded, neither the Court nor the Defendants can plausibly understand Plaintiff's intended claims or entitlement to relief, if any.  Nor has he sufficiently established subject matter jurisdiction or venue.

For these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.


DATE: May 15, 2026                    /s/ CHRISTOPHER R. COOPER
                                      United States District Judge