Leonard S. BROWN, Plaintiff,

v.

Joseph A. CALIFANO, Jr., et al., Defendants.

Civ. A. No. 77–0623.

United States District Court, District of Columbia.

June 17, 1977.

**498**

Leonard S. Brown, pro se.

Earl J. Silbert, U. S. Atty., Lawrence T. Bennett, Asst. U. S. Atty., for defendant Howard University.

Dorsey Edward Lane, Gen. Counsel, Washington, D. C., Howard University, for the federal defendants.

MEMORANDUM OPINION AND ORDER

SIRICA, District Judge.

This suit is the latest foray in a virtual onslaught of litigation filed by plaintiff over recent years against countless public and private individuals and organizations. *See Brown v. District Unemployment Compensation Board*, 411 F.Supp. 1001, 1002 (D.D.C.1975). Plaintiff alleges widespread misconduct by defendants actionable variously under the Constitution, numerous federal statutes and nearly all theories of recovery known to the common law. In eight rambling counts, plaintiff claims "fraud, psychiatric, medical, educational repressions, harassments, and intimidations, nuisances, tortures, aggravations, malpractices, entrapments, counterproductivity; invasions and violations of personal privacy; commitments and imprisonments, brutality, detentions, false personation, and false pretenses, false arrest, political surveillances and monitoring; tormentations, duress, distress, tensions, persecutions; wrongful death and attempted homicide by euthanasia; for reverse discrimination: for damages, injuries and conversions" and so on, and so forth. The matter is presently here on the motions of all defendants to dismiss the complaint for failure to comply with F.R.Civ.P. 8(a), because it is vexatious, frivolous and wholly fails to state a cause of action and is barred by res judicata. For the reasons that follow, the Court finds that dismissal is required on the ground that the complaint fails to comply with the dictates of Rule 8(a) of the Federal Rules of Civil Procedure.

■ F.R.Civ.P. 8(a) sets out a minimum standard for the sufficiency of complaints, providing that a complaint: "shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." *See also* F.R. Civ.P. 8(e). The purpose of the rule is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable. 2A *Moore, Federal Practice* ¶ 8.13; 5 *Wright & Miller, Federal Practice and Procedure*, § 1217. Beyond this, the rule serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds. *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N. Y.1972).

The burden imposed by the rule is by no means exacting. Quite to the contrary, the provision generously accords the plaintiff wide latitude in framing his claims for relief. *Moore, supra ; Wright & Miller, supra.* This is particularly the case where, as here, the plaintiff is proceeding *pro se. Harrell v. Directors of Bureau of Narcotics,* 70 F.R.D. 444, 446 (E.D.Tenn.1975); *Prezzi v. Berzak, supra,* 57 F.R.D. at 150 (S.D.N.Y. 1972); *cf. Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Yet despite the liberality envisioned by the rule, even a *pro se* complaint is subject to dismissal if the pleading fails reasonably to inform the adverse party of the asserted cause of action. *Wallach v. City of Pagedale, Missouri,* 359 F.2d 57, 58 (8th Cir. 1968); *Koll v. Wayzata State Bank,* 397 F.2d 124, 125 (8th Cir. 1968); *Choate v. United States,* 413 F.Supp. 475, 478 (N.D. Okl.1976).

Thus the courts have unhesitatingly dismissed actions where the complaint: consisted of "a labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension . . .", *Prezzi v. Schelter,* 469 F.2d 691, 692 (2d Cir. 1972), *cert. denied,* 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1973); was ". . . confusing, ambiguous, redundant, vague and, in some respects, unintelligible . . .", *Wallach v. City of Pagedale, Missouri, supra,* 359 F.2d at 58; was ". . . so verbose, confused and redundant that its true substance, if any, is well disguised . . .", *Corcoran v. Yorty,* 347 F.2d 222, 223 (9th Cir.), *cert. denied,* 382 U.S. 966, 86 S.Ct. 458, 15 L.Ed.2d 370 (1965); contained ". . . a completely unintelligible statement of argumentative fact . . .", *Koll v. Wayzata State Bank, supra,* 397 F.2d at 125 with ". . . little more than demands, charges, and conclusions . . .", *Burton v. Peartree,* 326 F.Supp. 755, 758 (E.D.Pa.1971); represented ". . . circuitous diatribes far removed from the heart of the claim . . .", *Prezzi v. Berzak, supra,* 57 F.R.D. at 151; or set forth ". . . a meandering, disorganized, prolix narrative . . ." *Karlinsky v. New York Racing Association, Inc.,* 310 F.Supp. 937, 939 (S.D.N.Y.1970).

The pleading filed by the plaintiff in this case is indeed a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies. The complaint contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments. Nor has plaintiff alleged with even modest particularity the dates and places of the transactions of which he complains. It belabors the obvious to conclude that the complaint filed in this action falls far short of the admittedly liberal standard set in F.R.Civ.P. 8(a).

Ordinarily, the remedy for noncompliance with Rule 8(a) is dismissal with leave to amend. *Koll v. Wayzata State Bank, supra,* 397 F.2d at 127; *Johnson v. Hunger,* 266 F.Supp. 590, 591 (S.D.N.Y. 1967). But where, as here, the plaintiff has shown that he is no stranger to the courts, having filed seven previous lawsuits akin to this one, dismissal with prejudice is not inappropriate. *Hutter v. Schraml,* 51 F.R.D. 519, 522 (E.D.Wisc.1970). To permit plaintiff to institute this lawsuit another time will needlessly waste time and effort.

For these reasons, plaintiff's complaint must be, and the same hereby is, dismissed with prejudice.