**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **LYVONNE ABLE**, |
| Plaintiff, |
| v. |
| **STATE OF SOUTH CAROLINA, et al.**, |
| Defendants. |

Case No. 1:22-cv-351 (TNM)

**MEMORANDUM OPINION**

Plaintiff Lyvonne Able filed his Second Amended Complaint on February 22, 2022. *See* ECF No. 2. The Court will dismiss the Complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a).

Rule 8(a) requires that a complaint contain a "short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to give fair notice to defendants of the claims being asserted such that they can prepare a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Pro se litigants like Able are entitled to liberal construction of their pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), but still must comply with Rule 8(a), *see Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

The Complaint in this matter is anything but "short and plain." Fed. R. Civ. P. 8(a). Over the course of 29 pages, the Plaintiff references factual background concerning state probate proceedings; the Book of Genesis; obscure theories of legal status and personhood associated

with the Sovereign Citizen movement; various citations to admiralty law; assorted legal treatises; the Plaintiff's current or impending status as a slave to the State of South Carolina; the Plaintiff's "Notice of Special Appearance" as a "Sovereign Principal"; incoherent requests for declaratory judgment against the State of South Carolina; and finally, a prayer for "recoupment." *See generally* ECF No. 2. The pleading is incomprehensible. It entirely fails to put the Defendant on notice as to the nature of the Defendant's claim, and therefore fails the most basic requirement of pleading in federal court.

For these reasons, the Amended Complaint will be dismissed without prejudice.

Dated: March 2, 2022

TREVOR N. McFADDEN, U.S.D.J.

2