## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ELLIS D. THOMAS, JR., )
)
Plaintiff, )
)
v. ) Civil Action No. 23-0106 (UNA)
)
D.C. LAW ENFORCEMENT, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will GRANT the application and, for the reasons stated below, DISMISS the complaint.

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff alleges that defendant Thomas-Smith has made false reports about him to various police forces in the Washington, D.C. area over the course of 20 years, and that

1

defendant Lindsey is responsible for "never ending entrapment techniques" and "[t]errorizing [plaintiff] at [his] jobs, relationships, etc." Compl. at 4. Further, he alleges he has been assaulted physically "multiple times over the years" "by multiple officers" assigned to various divisions of the Metropolitan Police Department. *See id.* at 5. For the injuries allegedly sustained, plaintiff demands an award of $7,750,000. *See id.*

As drafted, this complaint runs afoul of Rule 8(a). What few factual allegations plaintiff makes are far too vague to put any defendant on notice of plaintiff's legal claims. It is not enough, for example, that defendants are "depriving [plaintiff] of a job" or harassing, stalking, and retaliating against him, Compl. at 4, without identifying specific incidents or explaining how and when defendants have caused plaintiff harm.

The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.


DATE: January 25, 2023                    /s/
                                          CHRISTOPHER R. COOPER
                                          United States District Judge