## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN DALE ALLEN,          )
                            )
        Plaintiff,        )
                            )
     v.                   )     Civil Action No.  1:23-cv-01012 (UNA)
                            )
                            )
JANET L. YELLEN, et al.,    )
                            )
        Defendants.      )

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, is a resident of Ohio.  He has filed an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and a complaint, ECF No. 1, against the United States and the United States Secretary of the Treasury.  For the reasons stated below, the court will grant the IFP application and dismiss the complaint for failure to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff broadly alleges that the federal government is legally obligated to pay him $72.5 million because he purports to be "a principal of the United States."  Plaintiff contends that he is owed this "portion of the public debt," and although he cites to a few federal statutes, none of them, in fact, authorize the relief that plaintiff seeks.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d

661, 668–71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp*., 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).  The instant complaint satisfies this standard.

And, to whatever extent plaintiff is alleging breach of contract, this court cannot exercise jurisdiction over such a claim.  The Tucker Act, 28 U.S.C. § 1491, gives the United States Court of Federal Claims jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.  This grant of jurisdiction to the Court of Federal Claims is "exclusive," but "only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the [Court of Federal Claims]." *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988).  Absent other grounds for jurisdiction, a claim is subject to the Tucker Act's stringent jurisdictional restrictions if, in whole or in part, it explicitly or "in essence" seeks more than $10,000 in monetary relief from the federal government. *See Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967–68 (D.C. Cir. 1982); *Heller, Ehrman, White & MacAuliffe v. Babbitt*, 992 F.2d 360, 363 (D.C. Cir. 1993) (a plaintiff "may not, by creatively framing their complaint, circumvent a congressional grant of exclusive jurisdiction.").  Here, plaintiff seeks in excess of $10,000.  Accordingly, this court is want of jurisdiction, and assuming

he could make out a viable claim, he would be required to seek recourse in the Court of Federal Claims.

Put simply, the complaint is vague, confused, and fails to provide adequate notice of any claim. Furthermore, plaintiff fails to establish this court's jurisdiction or to present a valid basis for relief. Consequently, the complaint is dismissed without prejudice. An order consistent with this memorandum opinion is issued separately.

Date: April 20, 2023

_Tanya S. Chutkan_
TANYA S. CHUTKAN
United States District Judge