**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LEO WEST,                 )
                             )
         Plaintiff,          )
                             )
      v.                   )      Civil Action No.  24-01560 (UNA)
                             )
                             )
JON TESTER,            )
                             )
        Defendant.     )

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Yellen v. U.S. Bank, Nat'l Assoc.*, 301 F. Supp. 3d 43, 47 (D.D.C. 2018). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Id.* Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The standard also assists the court in determining whether it has jurisdiction over the subject matter.

In the one-page complaint, Plaintiff writes "False statement Veteran Afair [sic] on the Veteran shalter [sic] rel[ief] claim for 5,000,000." Plaintiff does not state the basis of federal court jurisdiction and allege facts to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (cleaned up). Consequently, this case will be dismissed by separate order.

July 10, 2024

_____

TREVOR N. McFADDEN, U.S. District Judge