# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LEWIS ROSS BROWN, )
)
          Plaintiff, )
)
          v. )       Civil Action No. 24-1983 (UNA)
)
LISA C. TORTORELLA, *et al.*, )
)
          Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on Lewis Ross Brown's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* complaint (ECF No. 1). The Court will grant the application and, for the reasons stated below, dismiss the complaint without prejudice.

In its entirely, plaintiff's Statement of Claim reads:

> This is a claim for harassment, discrimination, and violation of my
> Civil Rights as a person and also for making my emotional, physical,
> and mental state in a very horrid and hard time in my life.

Compl. (ECF No. 1) at 4. Plaintiff demands an award of $650,000 as "restitution . . . for the harassment and racial discrimination . . . these [defendants] have put [plaintiff] through with email harassment and subsequent harassing demands and threats that have further expounded [plaintiff's] illness and injuries to a point where [he is] unable to work." *Id*.

A *pro se* litigant's pleading is held to less stringent standards than would be applied to a formal pleading drafted by lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled

1

to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense, and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The Court identifies two glaring deficiencies of the complaint, beginning with its failure to establish a basis for this Court's jurisdiction. The subject matter jurisdiction of the federal district courts is limited and generally is set forth at 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction. *See* FED. R. CIV. P. 8(a).

Here, plaintiff invokes federal question jurisdiction without identifying a federal statute under which he brings his claims. And because all of the parties appear to reside in Virginia, *see* Compl. at 1-2, plaintiff does not demonstrate diversity jurisdiction, even though the amount in controversy purportedly exceeds the $75,000 threshold.

Even if plaintiff had demonstrated a basis for the Court's jurisdiction, the complaint is deficient in that it fails to set forth factual allegations, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint is woefully short on detail. That

defendants allegedly harassed and discriminated against plaintiff does not identify the actions defendants took, or the circumstances under which their actions were taken, or the particular harm defendants' actions caused. As drafted, the complaint utterly fails to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556), or that puts any defendant on notice of the claims plaintiff brings against her.

Accordingly, the Court will dismiss the complaint and this civil action without prejudice. A separate order will issue.


DATE: July 24, 2024

TREVOR N. McFADDEN
United States District Judge