# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MAY CHEN,                                    )
                                             )
            Plaintiff,                       )
                                             )
     v.                                      )        Civil Action No. 1:25-cv-00474 (UNA)
                                             )
DISTRICT OF COLUMBIA, et al,                 )
                                             )
            Defendants.                      )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"). The court grants plaintiff's IFP application and, for the reasons discussed below, it dismisses the complaint, and this matter, without prejudice.

Plaintiff, who resides in the District of Columbia, sues "District of Columbia (All Black People)," "State of Maryland (All Black People)," "State of California (All Black People)," and "State of Texas (Black People)." *See* Compl. at 1–2. The complaint is vague and difficult to follow. Plaintiff broadly alleges, without context or detail, that, for nearly 30 years, "Black people in [ ] Texas, California, Maryland, [and] District of Columbia repeatedly obstruct and bully [her] employment[,]" intentionally conspiring to "ruin [her] clearance to lose employment eligibility and age disadvantage," and by conducting "unfair hiring and predatory activities to cause significant economic losses." *See id.* at 5. Plaintiff's grievances appear to arise from her dissatisfaction with the outcome of unspecified "EEOC hearings" and "employment litigation" that she has filed in "federal courts." *See id*. She demands quintillion dollars in damages, "criminal prosecution," and a "barring notice, injunctive relief forever." *See id*.

Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Notably, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). And when a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it also fails to fulfill the requirements of Rule 8. *See Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

The instant complaint falls squarely within this category. Plaintiff presents mere conclusory statements within a mess of tangled assertions, failing to provide defendants or the court with notice of any viable claim. Although plaintiff invokes a litany of different laws, largely related to employment discrimination, *see* Compl. at 3–4, she fails to make out a cognizable claim under any of the authority cited, *see Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim); *see also id.* at 682 ("bare assertions" of a "discrimination claim" are "not entitled to be assumed true."). Furthermore, the complaint paragraphs are conflated and are not limited "to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

For these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 8, 2025

_Tanya S. Chutkan_
TANYA S. CHUTKAN
United States District Judge