# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| OLHA NOHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-02363 (UNA) |
| | ) | |
| KRISTI NOEM, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff, who has submitted multiple other cryptic complaints in this Court in the past four months has, in this matter, filed another puzzling *pro se* Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. Upon review, the Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Maryland, sues the U.S. Secretary of Homeland Security, President Donald Trump, former President George H.W. Bush, and the Transportation Security Administration and its Deputy Administrator. *See* Compl. at 1–3. The Complaint states only "REAL ID. Rule 5.1 and 28 U.S.C. § 2403 are broader provisions that apply to any constitutional challenge of any federal or state statute." *See id.* at 5. The relief sought, if any, is unspecified.

*Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir.

2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, as presented, neither the Court nor the Defendants can reasonably be expected to identify Plaintiff's intended claims, nor has Plaintiff established this Court's subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Although Plaintiff has also, in the interim, submitted numerous subsequent notices containing haphazard blurbs of information and random legal authority, ostensibly intended to amend or supplement the Complaint, *see, e.g.*, Notices, ECF Nos. 5–10, 12–14, 16, 19–25 these proposed additions fail to comply with Federal Rule 15(a) or D.C. Local Civil Rule 7(i) or 15(i), and to that same end, "Plaintiff's [C]omplaint is not the legal equivalent of a LEGO set, something to be recreated," at her whim and in piecemeal fashion, *see Whitman v. Dep't of Army*, No. 21-03163, 2023 WL 3844603, at *2 (D.D.C. June 5, 2023). In any event, Plaintiff's additional submissions are difficult to discern, so even if they were procedurally sound, they do not assist in making her intended claims any more cognizable.

For these reasons, this case is dismissed without prejudice. Plaintiff's remaining pending Motions, ECF Nos. ECF Nos. 4, 11, 15, 26 are all denied as moot. A separate Order accompanies this Memorandum Opinion.


Date: September 4, 2025 _____/s/_____
JIA M. COBB
United States District Judge