UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TIMOTHY R. PETROZZI,     )
            )
    Plaintiff,     )
            )
  v.         )  Civil Action No. 25-2754 (UNA)
            )
MURIEL BOWSER, *et al.*,    )
            )
    Defendants.    )

## MEMORANDUM OPINION

This matter is before the Court on initial review of the plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1, as amended, ECF No. 3. The Court will grant the *in forma pauperis* application, dismiss the complaint without prejudice, and deny the plaintiff's "Motion and Declaration," ECF No. 4, without prejudice as moot.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can

prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The complaint refers to matters the plaintiff filed, or attempted to file, in the United States Court of Federal Claims, *see, e.g.*, Compl. at 1-2, and alleges violations of "Genocidal Articles I-VII," several amendments to the United States Constitution, and assorted federal statutes, *see id.* at 7. It is largely unintelligible, and equally unintelligible are the plaintiff's demands for "Expunging the complete record of [him]," *id.* at 13, and "Payment of beyond 19200 Duodecillion," *id.*

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8(a), as it does not contain a short and plain statement showing the plaintiff's entitlement to relief. There are far too few cogent factual allegations to make out a plausible legal claim, and no defendant has proper notice of the claim(s) the plaintiff is bringing.

An Order is issued separately.

DATE: October 22, 2025          DABNEY L. FRIEDRICH
                                      United States District Judge