# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

OSEI HARPER,                                    )
                                               )
      Plaintiff,                           )
                                               )
      v.                                   )    Civil Action No. 1:25-cv-03345 (UNA)
                                               )
DEPARTMENT OF THE NAVY, et al.,                )
                                               )
                                               )
      Defendants.                          )

## MEMORANDUM OPINION

This matter is currently before the Court on consideration of, *inter alia*, Plaintiff's *pro se* Complaint, ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. Upon review, the Court grants Plaintiff's IFP Application, and dismisses this matter without prejudice.

Plaintiff, a resident of Florida, sues the Department of the Navy, the Board for Correction of Naval Records, the Department of Defense, the Secretary of the Navy (in his official capacity), three naval officers (in their individual capacities), and "John Does 1–5," *see* Compl. at 4–6. But Plaintiff may not sue these Doe Defendants, as it contravenes D.C. Local Civil Rule 5.1(c)(1). The Complaint itself chronicles "Plaintiff's journey" and his attempt to "challenge[] a continuum of harm spanning more than three decades, compounded by administrative obstruction and falsification of records. This continuum originated in the U.S. Navy and metastasized through three decades of discriminatory exclusion, marginalization, and systemic betrayal." *See id.* at 7–8.

Where the Complaint is most cognizable, Plaintiff broadly challenges the Navy's responses to his FOIA requests, *see id*. at 10–12, but Plaintiff then attempts to expand and connect these

FOIA responses to a sprawling nefarious scheme orchestrated against him that "began as command-level misconduct [and then] evolved into a pattern of administrative sabotage, legal manipulation, and systemic obstruction," *id.* at 8; *see generally* Compl. Plaintiff invokes the FOIA, the Privacy Act, the Little Tucker Act, the Administrative Procedure Act, the Rehabilitation Act, the Americans with Disabilities Act, *Bivens* and the Fifth and Sixth Amendments, the Federal Mandamus Act, and the Federal Tort Claims Act. *See id.* at 6, 20–26.

In essence, Plaintiff attempts to address every wrong that he ever allegedly endured arising from his military service and thereafter, from Defendants' alleged "pyramid of misconduct," *see id*. at 11, 16, that has purportedly manifested in myriad ways, including alleged federal crimes, *see id.* at 11, 25; "suppression of earned promotions," *see id.* at 20; "targeted retaliation [and] discriminatory exclusion," *see id.* at 24; cruel and unusual punishment, *see id.* at 10, 24; mistreatment based on disability leading up to his wrongful discharge in 1992, *see id*. at 4–10, 13, 10, 15–17, 20, 22, 24–25; post-discharge discrimination based on disability, 7, 17–21; denial of benefits and medical treatment, *see id*. at 8, 10, 16–18, 20–21, 24, 27; failure to correct his military record and falsification of records, *see id*. at 4, 6–8, 11–12, 18–20, 24–27; denial of "fair access to administrative review," and refusal "to engage in good faith consideration of his petitions," *see id*. at 6–7, 11, 14, 17, 20–21, 24, 26. He demands assorted equitable relief and damages. *See id*. at 27–28.

The Court also notes that, since this case was initiated less than two months ago, Plaintiff has proliferated this case with numerous additional submissions, including supplementing the Complaint with 171 pages of additional Exhibits and Memoranda, ECF Nos. 6 through 6-30, ECF Nos. 7 through 7-2, but these proposed additions fail to comply with Federal Rule 15(a) or D.C. Local Civil Rule 5.1(e), (g), 7(i), or 15(i), and to that same end, "Plaintiff's [C]omplaint is not the

legal equivalent of a LEGO set, something to be recreated," in such piecemeal fashion, *see Whitman v. Dep't of Army*, No. 21-03163, 2023 WL 3844603, at \*2 (D.D.C. June 5, 2023). And although a "a *pro se* litigant must of course be given fair and equal treatment, he cannot generally be permitted to shift the burden of litigating his case to the courts." *Dozier v. Ford Motor Co*., 702 F.2d 1189, 1194 (D.C. Cir. 1983) (cleaned up); *see Sun v. D.C. Gov't*, 133 F. Supp. 3d 155, 168 n.6 (D.D.C. 2015) ("[I]t is not the Court's job to canvass the record for documents supporting a *pro se* party's position.").

Here, the breadth of Plaintiff's submissions does not assist him. Certainly, some of the alleged wrongs may constitute plausible causes of action, if better pleaded, but instead of providing the necessary supporting details of any these potential claims—e.g., how or when Defendants negligently handled his administrative petitions—and which petitions were mishandled, or the dates and administrative history of his FOIA requests, Plaintiff instead focuses largely on fleshing out his theory of a "coordinated effort . . . of engineered neglect and deception," Compl. at 7; *see generally* Compl., but "'a laundry list of wrongful acts and conclusory allegations to support h[is] theory of a conspiracy,'" are patently "'insufficient to allow the case to go forward.'" *Curran v. Holder*, 626 F. Supp. 2d 30, 34 (D.D.C. 2009) (dismissing for lack of subject matter jurisdiction as frivolous) (quoting *Richards v. Duke Univ*., 480 F. Supp. 2d 222, 233 (D.D.C. 2007)). Plaintiff also focuses heavily on his attempts at settlement, *see* Compl. at 13–15, 19, 27–28, but those discussions are irrelevant to the Court, *see Jones v. Ashcroft*, 321 F. Supp. 2d 1, 12 (D.D.C. 2004).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and here, the Complaint and its addendums fail to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Here, the Complaint is neither short nor plain, *see* Fed. R. Civ. P. 8(a), the allegations cannot be described as simple, concise, and direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). Indeed, Plaintiff's intended claims are "too unwieldy to proceed." *See Spence v. U.S. Dep't of Vet. Affairs*, No. 19-cv-1947, 2022 WL 3354726, at *11 (D.D.C. Aug. 12, 2022) (holding that, where allegations are presented in a "disorganized and convoluted" manner, dismissal is appropriate for that reason alone), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024). "Courts have often dismissed complaints that contain bloated and disorganized allegations such as this for violations of Rule 8." *Id*. (collecting cases); *see Brown*, 75 F.R.D. at 499 (finding that the complaint failed to comply with Rule 8(a) and because it was "long-winded and redundant, and hides the substance of its claims within its prolixity. Defendants should not be forced to spend time and energy in attempting to decipher Hamrick's utterly confusing and lengthy pleading.")).

Put differently, Plaintiff's ongoing distrust of Defendants is clear, but when it comes down to pleading actual legal claims, he presents only "threadbare recitals" that are "supported by mere conclusory statements" which are insufficient. *See Iqbal,* 556 U.S. at 678. A complaint "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct.'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79; *see Aktieselskabet AF 21. Nov.2001*

*v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

For all of these reasons, the Complaint, ECF No. 1, will be dismissed without prejudice. Plaintiff's Motion for Temporary Restraining Order, ECF No. 5, raising conspiratorial accusations of a "perpetuation of injustice . . . sustained for over three decades," substantially similar to those raised in the Complaint, will be denied for the same reasons. *Accord DeLorean 88 LLC v. District of Columbia*, --- F. Supp. 3d ---, 2025 WL 2851597, at *10 (D.D.C. 2025) (denying motion for preliminary injunction as moot when complaint was dismissed). Plaintiff's Motion for CM/ECF Password, ECF No. 3, Motion to Expedite Ruling, ECF No. 8, and Motion for Judicial Action, ECF No. 10, are all denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: November 13, 2025

TREVOR N. McFADDEN
United States District Judge