# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ERIC EMMANUEL TAYLOR, )
)
        Plaintiff, )
)
        v. )     Civil Action No. 1:25-cv-03967 (UNA)
)
PEOPLE OF THE VENUE OF THE )
FOREIGN UNITED STATES )
 OF AMERICA, )
)
        Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"). The Court grants the IFP Application, and for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff, who holds himself out as an "independent regulatory agent" sues "all the people of the venue of the domestic United States." *See* Compl. at 1. The allegations are rambling and largely incomprehensible, comprised of esoteric ruminations on assorted legal authority and regarding another case that he filed in this District, *Taylor v. Trump, et al*., 20-mc-00001 (UNA) ("*Taylor I*"), which was dismissed as frivolous on June 12, 2020, *see id.* at Memorandum, ECF No. 4; Dismissal Order, ECF No. 5. *See id*. at 1–9; Compl. Exhibit 1 (*Taylor I* Dkt. Sheet), ECF No. 1-1. The relief sought is not entirely clear, but it appears that Plaintiff, somehow, demands "default and summary judgment." *See* Compl. at 8.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated," it does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Put differently, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (cleaned up). Plaintiff's Complaint falls squarely into this category. It is vague and haphazard, comprised of a hodgepodge of anecdotes, failing to establish the duty, if any, of the Defendant, to afford him relief; indeed, it is unclear who Plaintiff is even suing. The Complaint also fails to establish this Court's subject matter jurisdiction. Insofar as Plaintiff challenges the outcome of *Taylor I*, he may not do so by filing a separate civil complaint, and the Court notes that the U.S. Court of Appeals for the D.C. Circuit affirmed the dismissal of *Taylor I* on November 9, 2020. *See Taylor I* Dkt. at Mandate, ECF No. 10.

For these reasons, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date:   March 9, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge