# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**RONALD K. WATKINS**,

Plaintiff,

v.

**VEDELL NEE HEASTIE-GRAHAM**,

Defendant.

Case No. 1:26-cv-301 (TNM)

## MEMORANDUM OPINION

Pro se plaintiff Ronald Watkins sues over a car accident that occurred in November 2025. Compl. ¶ 5, ECF No.1. In his telling, Vedell Nee Heastie-Graham negligently made an illegal turn and crashed into Watkins' car. *Id.* ¶ 6. The crash allegedly caused Watkins several physical and emotional injuries. *Id.* So he turned to this Court. Watkins sues Heastie-Graham for $550,000 in damages. *Id.* ¶ 9. But Watkins has not met his obligation to establish this Court's jurisdiction. The Court will accordingly dismiss his Complaint without prejudice.

"If the [district] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A party seeking relief from this Court must plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Should it not, this Court may dismiss his complaint "*sua sponte* prior to service on the defendants" if "it is evident that the court lacks subject matter-jurisdiction." *Evans v. Suter,* No. 09–5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010); *see also Hurt v. U.S. Court of Appeals for the D.C. Cir.*, 264 F.App'x. 1, 1 (D.C. Cir. 2008); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.,* 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an

opportunity to respond when a court contemplates dismissing a claim on the merits . . . it is not so when the dismissal is for lack of subject matter jurisdiction.").

That said, the Court must construe a pro se complaint liberally, keeping in mind that complaints filed by pro se litigants are held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even pro se litigants must meet the minimum pleading standards required by the Federal Rules and the Constitution. *See Yellen v. U.S. Bank, Nat'l Ass'n*, 301 F. Supp. 3d 43, 47 (D.D.C. 2018). That includes rules for alleging subject matter jurisdiction. *Stoller v. United States*, 216 F. Supp. 3d 171, 174 (D.D.C. 2016); *see also Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009).

Watkin's Complaint falls short of these requirements. In a section of his Complaint establishing the "[b]asis for [j]urisdiction" as "[d]iversity," he states that he is a "citizen" of Maryland, and he states that Heastie-Graham is also a "citizen" of Maryland. Compl. at 3. Later, he again alleges that he "is a resident of the State of Maryland" and that Defendant "is a resident of the State" of "Maryland." *Id.* ¶ 1–2. These allegations pose a problem for Watkins because diversity jurisdiction requires the parties be "citizens of different States." 28 U.S.C. § 1332(a).

And while the car accident prompting his lawsuit occurred in Washington, D.C., that plays no role in diversity jurisdiction, which focuses only on the parties' domicile. *Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984). Diversity jurisdiction thus lacks. *See* 28 U.S.C. § 1332(a).

Watkins provides no hook for federal question jurisdiction either. His Complaint sounds in state tort law claims. He claims Heastie-Graham drove into his car and faults him for "negligence and carelessness" that injured Watkins. Compl. ¶¶ 5–6, 8. He points to the

"medical costs and expenses" he will incur as a result. *Id.* ¶ 8. And while he lists a smattering of federal laws at the top of his Complaint, *see id.* at 3 (listing the Federal Arbitration Act, the Fifth Amendment, the Fourteenth Amendment, 28 U.S.C. § 1738, and 28 U.S.C. § 2202), he provides no "short and plain statement" making out any those claims. Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). From the face of his Complaint, one gleans only his negligence claim. Nothing in it leaves the Defendant able to prepare a responsive answer or mount an adequate defense to any federal law claim—let alone several—if Watkins is in fact pursuing those claims instead of his negligence claim. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (explaining that the purpose of Rule 8 is to give defendants fair notice of a plaintiff's claims so they made properly respond). Watkins thus has not presented a federal question suitable for this Court's decision.

Put simply, Watkins fails to establish this Court's jurisdiction. The Court accordingly will dismiss his Complaint without prejudice. A separate order accompanies this opinion.

Dated: March 19, 2026

TREVOR N. McFADDEN
United States District Judge