# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HVISHI OPALUKSIEXREL G HOUSEY-NEVILLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:25-cv-02393 (UNA) |
| v. | ) | |
| | ) | |
| | ) | |
| THE UNITED STATES, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is currently before the Court on consideration of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Renewed Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 4, filed in response to the Court's Order, ECF No. 3, directing same. Upon review, the Court grants Plaintiff's Renewed IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Louisiana, sues the United States, "the Department of Treasury Punishment," the Department of Justice, and the State of Louisiana. *See* Compl. at 6–7. The Complaint is difficult to discern, consisting largely of a bare recitation of federal statues—largely criminal statutes that generally not provide a private right of action, *see Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007)—treatises, and tribal laws, *see* Compl. at 7–10. The allegations amalgamate vague references to Defendants' alleged conspiracy to commit, and then their refusal to compensate Plaintiff for, "human rights abuses," "genocide," and corruption, although no details or context is provided for any such alleged wrongdoing, or how Plaintiff was

damaged from same. *See id*. at 7, 9. Plaintiff demands equitable relief and over $18 million in damages. *See id.* at 9–10.

*Pro se* litigants must comply with the Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987), and here, the Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's allegations cannot be described as clear and direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). When, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Put differently, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiff's Complaint falls squarely into this category, failing to provide the Court or Defendants with adequate notice of a claim, and falling short of establishing the Court's subject matter jurisdiction. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("we do not require

heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"); *see also Iqbal*, 556 U.S. at 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Accordingly, this matter is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: April 14, 2026

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge