# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARVIN KNIGHT,          )
                                 )
        Plaintiff,          )
                                 )
        v.               )       Civil Action No. 1: 25-cv-04126 (UNA)
                                 )
MED-STAR WASHINGTON    )
HOSPITAL CENTER,         )
                                 )
                                 )
        Defendant.     )

## MEMORANDUM OPINION

This matter is currently before the Court on consideration of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. Upon review, the Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff sues MedStar Washington Hospital Center, *see* Compl. at 1–2, though he fails to provide an address for either himself or the Defendant, as required, *see* D.C. LCvR 5.1(c)(1); *see also* Mail Returned as Undeliverable, ECF No. 8. The Complaint's allegations are vague and spare. Plaintiff does not cite to any legal authority, and he states only that, on multiple occasions across decades, but as recently as last year, he went to Defendant's emergency room for care, but received "bad treatment," and was discriminated against. *See* Compl. at 3–4. He also states that he received "multiple life saving surgeries and hospitaliz[ation] in [the] ICU[,]" though as pleaded, it is unclear if he required this care as a result of Defendant's alleged malpractice, or it is a non-sequitur. *See id*. at 4. He contends that, due to Defendant's alleged negligence, he has suffered physically and has lost wages. *See id*. at 3–4. The specific relief sought is unspecified, though it appears that Plaintiff may seek damages. *See id*.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and here, the Complaint and its addendums fail to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Notably, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff's Complaint falls into this category. The allegations do not provide the Defendant or the Court with adequate notice of a claim. The details and context required to state a cognizable claim are missing—for example, how, when, or why Plaintiff was discriminated against, and by whom, how, when, or what medical malpractice, or other negligence, he suffered, and who allegedly committed same. The nature of his claimed damages is also vague, at best.

In sum, Plaintiff presents less than "threadbare recitals" that are "supported by mere conclusory statements," which is insufficient to state a claim. *See Iqbal,* 556 U.S. at 678. Indeed, a complaint "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct.'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79; *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted

'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

For these reasons, this case is dismissed without prejudice. Plaintiff's other pending Motions, ECF Nos. 3, 4, 5, 6, 7, are all denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: April 17, 2026        _____/s/_____
       RUDOLPH CONTRERAS
       United States District Judge