**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

KEVIN-DUANE HICKMAN, )
)
Plaintiff, )
)
v. ) Civil Action No. 1:26-cv-00416 (UNA)
)
)
SCOTT BESSENT, et al., )
)
Defendants. )

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed a Complaint, ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter for failure to meet the pleading requirements set forth in Federal Rule of Civil Procedure 8(a).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and here, the Complaint and its addendums fail to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint fails to give minimum notice of any cognizable claim or to establish this Court's subject matter jurisdiction. Plaintiff, a state inmate currently designated to the California Health Care Facility, sues the United States Secretary of the Treasury and another Treasury official who is located in Puerto Rico. *See* Compl. at 1–2. The allegations are vague and spare. Plaintiff alleges only that Defendants have failed to honor "the contract that was established between [Plaintiff] and the United States in 2022." *See id.* at 3. He asks this Court to "enforce the contract" and produce "all accounting." *Id.* at 3, 6. No other facts, context, or supporting details are provided.

Simply put, these overbroad allegations of "breach of contract and fiduciary duty," *see id*. at 3, are insufficient to provide "notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). Indeed, Plaintiff presents *less* than "threadbare recitals" that are "supported by mere conclusory statements," *Iqbal,* 556 U.S. at 678, instead of pleading "'factual matter' that permits the court to infer 'more than the mere possibility of [defendants'] misconduct.'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79); *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc*., 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp*., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

Accordingly, this matter is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: May 1, 2026

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge