## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STEPHANIE MYKONOS,  )
)
    Plaintiff,  )
)
   v.  )   Civil Action No. 26-1602 (UNA)
)
)
DC GOVT,  )
)
    Defendant.  )

## MEMORANDUM OPINION

This matter is before the court on plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The Court grants the application and dismisses the complaint without prejudice.

The Court holds a *pro se* complaint to a "less stringent standard[]" than is applied to a pleading drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, a *pro se* litigant must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

1

The Court dismisses the complaint for the simple reason that there are no factual allegations supporting an actual legal claim. Rather, the complaint appears to allege the District violated its District's Human Rights Act "on the basis of pregnancy status, age . . . [and] homeless status," Compl. at 1, when it denied Medicaid benefits, *see id.* While plaintiff appears to be homeless, it is not clear that she is pregnant and/or over age 40, such that she herself has a viable claim under the Act. Nor does the complaint identify the connection between pregnancy or age to and plaintiff's eligibility for benefits.

As drafted, the complaint falls well short of Rule 8's minimal pleading standard, and the Court will dismiss it without prejudice. A separate order accompanies this Memorandum Opinion.


DATE: June 1, 2026                                  /s/
                                                    CHRISTOPHER R. COOPER
                                                    United States District Judge